BRADLEY, Judge.
This appeal arises from an order by the Circuit Court of Montgomery County granting appellee’s (Credit Life Insurance Company) motion for summary judgment.
Appellant, Lawrence P. Zampella, instituted an action against Credit Life Insurance Company alleging that the latter had breached the terms of an accident and disability insurance policy. Zampella’s complaint asserted that Credit Life had wrongfully denied insurance coverage on a policy which Zampella had obtained with Credit Life. Zampella sought to recover the lost *201 benefits under the terms of that policy. These benefits amounted to $960.
The pleadings and interrogatories of the parties reveal that Zampella was injured while unloading a truck at his place of employment. This accident occurred on November 11, 1975. Three days later Zam-pella applied for benefits under the Alabama Workmen’s Compensation Act.
As a result of the accident Zampella experienced back discomfort. A doctor diagnosed his injury as a hernia and surgery was performed on November 21, 1975 to correct this condition. However, there was no additional diagnosis indicating that Zam-pella had suffered a back injury.
Following convalescence from his surgery for the hernia, Zampella’s physician advised Zampella and his employer that Zampella was physically capable of returning to his job. Zampella subsequently returned to his place of employment but continued to experience difficulties with his back. After consulting a number of doctors in the Montgomery area, a local neurosurgeon finally diagnosed Zampella’s problem as a herniated disc. This diagnosis occurred in February 1976. In the summer of 1976 a lumbar surgical operation was performed on Zam-pella in an effort to correct this condition. Zampella then sought to have a portion of the costs of this surgery paid for out of proceeds from an insurance policy which he had with Credit Life. However, Credit Life denied coverage and Zampella filed a civil action seeking the accident and disability benefits provided under the controverted policy.
Credit Life’s denial of coverage was premised on a limitation clause in the policy which stated that the policy was effective only if the “sickness or disease” was “contracted and first manifested during the term of the insured[’s] . . . insurance,” or if the “bodily injury caused by an accident” occurred “during the term of the insured[’s] insurance.” Credit Life contended that Zampella’s injury was the result of an accident which occurred on November 11, 1975 and that Zampella did not obtain accident and disability insurance from Credit Life until December 4, 1975. Moreover, since Zampella admitted that the back injury for which he underwent surgery was the “direct, proximate and primary” result of his accident on November 11, 1975, Credit Life argued that his disability could not have been incurred during the effective date of policy coverage. And on this basis Credit Life made a motion for a summary judgment under Rule 56, ARCP.
After an examination of the pleadings, affidavits, depositions and interrogatories submitted on behalf of both parties, the trial court granted Credit Life’s motion for summary judgment and dismissed Zampel-la’s suit. From the trial court’s order dismissing his suit Zampella appeals.
Although it would seem that Zampella’s accident was in the nature of a “bodily injury” and thus subject to the provision in the policy requiring that a bodily injury occur during the term of the insurance coverage, the trial court’s order granting summary judgment indicated that its determination was applicable to both the “sickness” [1] and “bodily injury” portions of the policy.
The order of the trial court granting Credit Life's motion for summary judgment stated:
“The parties are in agreement that Mr. Zampella’s disability, for which he claims payment under the Credit Life disability insurance policy which is the subject of this action, was the direct, proximate and primary result of an on-the-job accident suffered by the plaintiff on November 11, 1975. The parties further agree that the effective date of the policy, and the date of the application therefor, was Decem *202 ber 4, 1975. The Court finds that the clear and unambiguous language of the Credit Life policy limits coverage to disabilities resulting from accident or sickness occurring and first manifested during the policy period. The disability is therefore not covered by the policy.” (Emphasis added.)
Since no objection was made in regard to the election of the court to treat the separate provisions of the policy in the same manner and subject to the same conditions, we are not at liberty on appeal to change the general construction given the policy’s language by the trial court.
Nevertheless, we do not believe that the trial court erred in granting Credit Life’s motion for summary judgment. Rule 56(c), ARCP, provides that a summary judgment may be granted only when the materials filed in regard to a suit demonstrate: (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to a judgment as a matter of law. It is only when both elements of this two-pronged test are met that a summary judgment is proper. In the instant case both elements were sufficiently supported by the materials on file to warrant the dismissal of Zampella’s cause of action by means of a summary judgment.
The insurance policy in question involved a limiting clause which stated that recovery by the insured was premised on his sickness being “contracted and first manifested” during the policy’s period of coverage. Under the terms of this policy the insured was entitled to recover only if two conditions were met: (1) that the policy was in effect at the time the sickness was contracted; and (2) that the policy was in effect at the time the sickness was first manifested. According to these provisions Zampella had no right to any insurance proceeds unless both the incurrence of his disability and the symptoms or indications thereof took place after the date of the policy’s issuance. However, in this instance there was no dispute in regard to when the injury was contracted. Nor was there disagreement as to whether that injury resulted in the lumbar surgical operation out of which Zampella’s claim arose. Zampella admitted in the interrogatories submitted to him by Credit Life that his injury occurred before the effective date of the policy and that this injury was the direct cause of his back operation. As a consequence, there was no genuine issue of fact with regard to one of the two conditions necessary for Zampella’s recovery. And the inability of Zampella to establish that his injury was contracted after the date the policy was issued eliminated as a matter of law his capacity to demonstrate that he had met both conditions of his insurance contract with Credit Life. Under these circumstances there was nothing to support recovery by Zampella.
Since the twin elements of Rule 56(c) were evident, we believe that the trial court acted correctly in granting the insurer’s motion for a summary judgment. Accordingly, the dismissal of the insured’s action is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.

. Decisions in this jurisdiction demonstrate that the injury incurred by Zampella could properly be denominated as a “sickness.” Indeed, National Casualty Co. v. Hudson, 32 Ala. App. 69, 21 So.2d 568 (1945), defined “sickness” as any morbid condition of the body which hinders or prevents the organs from normally discharging their several functions; it is any disease or disorder of the body which deprives the body, either temporarily or permanently, of the power to fulfill its usual function.